# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DAWN AUTEN, | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 11-3013 |
| ROBERT J. STEIGMANN, M. CAROL POPE, THOMAS R. APPLETON, SUE E. MYERSCOUGH, CARLA BENDER, and JOHN W. BELZ, | ) |
|     Defendants. | ) |

## ORDER

Now before the Court is Defendants' Motion to Dismiss. For the reasons set forth below, the Motion [#2] is GRANTED.

## BACKGROUND

The allegations underlying Plaintiff Dawn Auten's ("Auten") Complaint involve a suit she brought in Illinois state court against Dr. Larry Nord and others for injuries she suffered as a result of an undiagnosed fracture/dislocation of her right hand.[1] In that suit, defendant Dr. Nord's counsel tendered a proposed instruction that the circuit court judge, Defendant Judge John W. Belz of the Circuit Court of Sangamon County, Illinois, refused to give to the jury. Dr. Nord's counsel apparently tendered the instruction which was not made part of the record in the trial court and a copy was not given to Auten's counsel. After the jury returned a verdict in favor of Auten, Dr. Nord appealed and took issue with the circuit court's failure to given the proposed instruction. Auten pointed out that the proposed instruction was never made part of the record

---

[1] For purposes of resolving this Motion, the allegations in the Complaint are presumed to be true.

1

which led Dr. Nord to seek leave to supplement the record on appeal. Auten objected to supplementing the record, but Defendant Belz entered an order amending the record on appeal to include the refused proposed instruction.

The Illinois Appellate Court then proceeded to rule on Dr. Nord's appeal, and reversed the verdict in favor of Auten based upon the trial court's failure to give the jury the proposed instruction. Defendants Justices Robert J. Steigmann, M. Carol Pope, Thomas R. Appleton, and Sue E. Myerscough, were the Fourth District Appellate Court judges on the panel that reversed the verdict. Justice Sue E. Myerscough dissented. The Appellate Court did not rule upon Auten's objection to supplementing the record and did not raise that issue during oral argument. Auten filed a motion to reconsider the Appellate Court's reversal. When Dr. Nord did not file a response within the requisite 10-day period, the Appellate Court directed him to do so within 21 days from the date of its order.[2] Auten's motion to reconsider was denied by the Appellate Court on January 3, 2011. On January 21, 2011, Auten's counsel filed an affidavit in the Illinois Supreme Court stating that he intended to file a petition for leave to appeal the Appellate Court's decision. The state court record shows that counsel did so on January 24, 2011.

On January 19, 2011, Auten filed a Complaint for Injunction, bringing claims against Defendants pursuant to 42 U.S.C. § 1983. Defendant Carla Bender is the Clerk of the Illinois Appellate Court, Fourth District. Auten claims that her Due Process rights were violated by Defendants acting in their individual capacities under color of state law by depriving her of the constitutional right to a fair appeal. She further claims that they made arbitrary and capricious decisions on Dr. Nord's motion to supplement the record on appeal, failed to promulgate rules

---

[2] Auten takes issue with the fact that the Illinois Appellate Court treated her motion to reconsider as a petition for rehearing under a different Illinois Supreme Court rule.

2

governing supplementation of the record on appeal, and failed to otherwise follow Illinois rules. She further alleges that the Defendants conspired to deprive Auten of her constitutional rights based upon the facts stated above. Defendants filed their Motion to Dismiss, Auten filed her Response, Defendants filed a Reply with leave of Court, and this Order follows.

## DISCUSSION

A complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). That statement must be sufficient to provide the defendant with "fair notice" of the claim and its basis. *Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2008); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). This means that (1) the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests" and (2) its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level." *EEOC v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). Conclusory allegations are "not entitled to be assumed true." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951 (2009) (citing *Twombly*, 550 U.S. 544 (2007)).

## I. *Rooker-Feldman* Doctrine

Defendants first argue that the *Rooker-Feldman* doctrine bars this Court's consideration of Auten's claims. The Supreme Court has held that the *Rooker-Feldman* doctrine applies to those "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). So where a party files suit in federal court seeking review and reversal of

an unfavorable state court judgment, the federal court does not have subject matter jurisdiction to hear the suit. *Id.*; *Remer v. Burlington Area School Dist.*, 205 F.3d 990, 996 (7th Cir. 2000). Furthermore, where the claims the plaintiff raises in federal court are "inextricably intertwined" with the state court determination and though never argued in the state court, the *Rooker-Feldman* doctrine provides that the federal court is still precluded from exercising jurisdiction over those claims. *Remer,* 205 F.3d at 996.

Defendants argue that any decision that the Court would render here would disrupt the orders entered in the Illinois state court proceedings, and thus, the *Rooker-Feldman* doctrine bars this Court's consideration of Auten's claims. Auten responds that *Exxon Mobil Corp.* supports her position because that case provides that where the state court action is not final prior to the filing of the federal action, an order by the federal district court in a parallel action is not barred by *Rooker-Feldman*. She further argues that she filed her federal action because she has not previously had the opportunity to raise her objections to the Illinois Appellate Court's procedures for disposing of appellate motions.

Auten misstates the holding of *Exxon Mobil Corp*. and fails to sufficiently explain why the claims she brings in this Court are not "inextricably intertwined" with the state court determination. In *Exxon Mobil Corp.*, Saudi Basic Industries Corp. filed suit in Delaware state court seeking a declaratory judgment against ExxonMobil subsidiaries. *Exxon Mobil Corp.*, 544 U.S. at 289. ExxonMobil and its subsidiaries then filed a countersuit against Saudi Basic Industries Corp. in the federal District Court for the District of New Jersey while the Delaware state action was ongoing. *Id.* The Third Circuit ultimately dismissed ExxonMobil's countersuit in federal court, holding that *Rooker-Feldman* precluded the federal district court from

4

proceeding where the Delaware state court had already entered judgment in ExxonMobil's favor. *Id.* at 290-91. The Supreme Court explained that the Third Circuit "misperceived the narrow ground occupied by *Rooker-Feldman*" and that the doctrine would not preclude the federal district court from proceeding where ExxonMobil had not filed suit in federal court to undo the Delaware judgment in its favor. *Id.* at 284, 293. The facts of *Exxon Mobil Corp.* are distinguishable from the facts of this case.

Here, Auten is challenging the Illinois state courts' rulings on a motion to supplement the record on appeal in her state medical malpractice action. As Defendants correctly point out, Auten did not have a federal action and state action pending at the same time. Instead, the instant federal action was clearly commenced to seek review and rejection of the results of the proceedings in Illinois state court. *Exxon Mobil Corp.*, 544 U.S. at 284. The facts of *Exxon Mobil Corp.* are therefore not entirely on point with the facts of this case. Nevertheless, Auten's additional argument that *Rooker-Feldman* does not bar this Court from considering her claims where her petition for leave to appeal in the Illinois Supreme Court is pending is accurate.

Defendants contend that Seventh Circuit authority provides that application of the *Rooker-Feldman* doctrine is not barred where there is still a possibility of a state supreme court appeal. *See Schmitt v. Schmitt*, 324 F.3d 484, 486 (7th Cir. 2003) (noting that the Seventh Circuit has passed on the question of whether there is a state court interlocutory order exception to application of the *Rooker-Feldman* doctrine). However, in *TruServe Corp. v. Flegles, Inc.*, the Seventh Circuit explained that "an interlocutory ruling does not evoke the [*Rooker-Feldman*] doctrine or preclude federal jurisdiction". 419 F.3d 584, 591 (7th Cir. 2005) (citing *Exxon Mobil Corp.*, 544 U.S. at 291). The Court in *TruServe Corp.* cited to the portion of the Supreme

Court's opinion in *Exxon Mobil Corp*. in which the Supreme Court stated that in both *Rooker* and *Feldman*, the losing parties filed suit in federal court after the state proceedings ended. *TruServe*, 419 F.3d at 591. Here, because Auten's petition for leave to appeal to the Illinois Supreme Court is still pending, it appears that *Rooker-Feldman* does not bar this Court from considering her claims. However, that does not resolve the Motion to Dismiss in Auten's favor.

## II.     Eleventh Amendment Immunity

Defendants also make the argument that Auten's Complaint must be dismissed because the Eleventh Amendment to the United States Constitution bars her claims. Federal lawsuits brought against state officials in their official capacities are barred by the Eleventh Amendment. *Brokaw v. Mercer County*, 235 F.3d 1000, 1009 (7th Cir. 2000). Defendants argue that because Auten seeks only injunctive relief, her claims must be construed as official capacity claims. *See Hill v. Shelander,* 924 F.2d 1370, 1374 (7th Cir. 1991) (noting that injunctive relief against a state official may only be recovered in an official capacity suit). Auten, on the other hand, argues that Defendants are being sued in their individual capacities, and that she specifically stated that in Paragraph 28 of her Complaint. Indeed, Auten did allege that "Defendants, while acting in their individual capacities and under the color of law . . ." deprived her of a constitutional right. *See* Complaint at 5. She additionally cites to Tenth Circuit authority which provides that state officials may be sued in their individual capacities for prospective injunctive relief. But the fact remains that the Seventh Circuit has held the opposite – that injunctive relief against state officials can only be recovered in an official capacity suit against them. *Hill*, 924 F.2d at 1374; *Miller v. Smith*, 220 F.3d 491, 494 (7th Cir. 2000). Furthermore, in Paragraph 29 of Auten's Complaint she states:

6

Defendants violated plaintiff's constitutional right to due process through the following acts and/or omissions:

    a. making arbitrary and capricious decisions on motions to supplement the record on appeal such that:

        i. decisions are not made based upon the same facts or circumstances from case to case;

        ii. making rulings that consistently favor certain litigants or classes of litigants over others; and

        iii. ruling inconsistently on similar motions to supplement the record.

    b. allowing the supplementation of the record over objection and without hearing;

    c. failing to promulgate rules and/or procedures specifically governing supplementation of the record on appeal;

    d. to the extent that there are rules governing motions on appeal, failing to decide the motion under the proper rule;

    e. to the extent that there are rules governing to motions on appeal, deciding a motion based on an inapplicable rule

Complaint at 5-6. While Auten appears to try to limit her Complaint to the individual Defendants for their allegedly unconstitutional actions, she includes allegations clearly suggesting an official policy or custom by the judges to improperly apply and fail to promulgate certain procedural rules. *See Miller*, 220 F.3d at 491 (explaining that in *Hill*, the suit was properly construed as against the defendant in his individual capacity because he sought punitive damages which are only available in individual capacity suits, and the allegations of the individual defendant's actions did not allude to an official policy or custom). Those allegations, coupled with a request for injunctive relief but not damages, provide that Auten's Complaint must be construed as one brought against the Defendants in their official capacities. *See Hill*, 924 F.2d at 1374; *Miller*, 220 F.3d at 494. Certainly, Auten's counsel is aware of the fact that

district courts within the Seventh Circuit are bound by that Circuit's precedent, and not precedent from other Circuits. *See Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1029 (7th Cir. 2004) (Seventh Circuit stating that district judges must follow decisions of that court regardless of whether the district courts agree with those decisions). Auten's counsel's failure to cite to binding precedent from the Seventh Circuit, and instead to cite precedent from other Circuits that actually hold contrary to the Seventh Circuit, verges on bad faith.

Because the Court construes Auten's Complaint as one seeking injunctive relief against Defendants in their official capacities, the Eleventh Amendment bars this suit unless an exception to sovereign immunity applies. There are three exceptions to state sovereign immunity in federal court: 1) Congress has abrogated the state's immunity from suit through an unequivocal expression of its intent to do so through a valid exercise of power, 2) a state has properly waived its immunity and consented to suit in federal court, and 3) the plaintiff seeks prospective equitable relief for ongoing violations of federal law under the *Ex Parte Young* doctrine. *Sonnleitner v. York*, 304 F.3d 704, 717 (7th Cir. 2002). As to the first exception, in *Edelman v. Jordan*, the United States Supreme Court rejected the notion that Section 1983 abrogated the States' Eleventh Amendment immunity. *Owen v. Lash*, 682 F.2d 648, 654 (7th Cir. 1982) (*citing Quern v. Edelman*, 440 U.S. 332 (1978)). As to the second exception, Illinois has waived its immunity in only a very limited set of circumstances, none of which apply here, and the state has not consented to this suit. *See* 745 IL. COMP. STAT. 5/1.5 (listing exceptions to Illinois' state employees' immunity from suit under the Eleventh Amendment).

Because Auten seeks prospective injunctive relief for an alleged violation of her due process rights, she may be entitled to that relief under *Ex Parte Young*. That case provides that

8

actions may be allowed against state officials by private parties for prospective relief to enjoin ongoing violations of federal law. *Ex Parte Young*, 209 U.S. 123, 159-60 (1908); *MCI Telecomm. Corp. v. Illinois Bell Tel. Co.*, 222 F.3d 323, 337 (7th Cir. 2000). Defendants argue that the Eleventh Amendment bar to Auten's suit is not avoided under *Ex Parte Young* because any alleged due process violation by the Illinois courts has already occurred and there are no ongoing violations. *See Verizon Maryland, Inc. v. Public Service Comm'n of Maryland*, 535 U.S. 635, 645 (2002) (internal citations ommitted) (explaining that to determine whether the *Ex Parte Young* doctrine avoids the Eleventh Amendment bar, there must be "a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective").

Auten does not try to refute this argument, but again cites to other Circuits' case law providing that the Eleventh Amendment does not prohibit suit in federal court to prospectively enjoin a state official from violating due process. Auten additionally cites to the Seventh Circuit case of *Williams v. Wisconsin*. But that case merely provides that an official-capacity suit against state officials seeking prospective relief are permitted by Section 1983 and under *Ex Parte Young*. *Williams*, 336 F.3d 576, 580 (7th Cir. 2003).[3] However, the fact remains that under *Ex Parte Young*, Auten must establish that there is an ongoing violation of federal law and that she seeks relief properly characterized as prospective. *See Verizon Maryland, Inc.*, 535 U.S. at 645.

Auten's Complaint alleges that Defendants violated her due process right when they

---

[3] It is curious that Auten cites to this case in support of her argument that the Eleventh Amendment is inapplicable to her Complaint, where she elsewhere claims that she is not bringing this action against Defendants in their official capacities.

made arbitrary and capricious decisions on motions to supplement the record on appeal, that Defendants and others acted in concert to accomplish a lawful purpose by unlawful means, and ultimately prays that the Court enter an order enjoining Defendants on a temporary and permanent basis from making the previously identified arbitrary and capricious rulings concerning Auten's objection to the motion to supplement the record on appeal. Her Complaint fails to allege an ongoing violation where it complains of previous rulings made by the Illinois courts and discusses alleged misconduct that has already occurred. The alleged violation of her due process rights was complete upon the Illinois courts' rulings which she identifies in the Complaint. Accordingly, Auten is not entitled to seek prospective injunctive relief against Defendants under *Ex Parte Young*, and so Eleventh Amendment immunity remains a bar to her claims. To the extent Auten complains of the Illinois courts' application of their own rules and procedures to her state action, this Court cannot instruct the Illinois courts on how to conform their conduct to state law. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) (explaining that there is no greater intrusion upon state sovereignty than where a federal court instructs state officials on conforming their conduct to state law and that doing so would directly conflict with the principles of federalism underlying the Eleventh Amendment). Therefore, Auten's claims are barred by the Eleventh Amendment and so her Complaint must be dismissed.

### III. Failure to State a Claim, Mootness, and Unenforceable Injunction

Defendants argue that Count II of Auten's Complaint, alleging a conspiracy, fails to satisfy federal pleading standards. Auten makes the allegations that Defendants acted in concert with unknown conspirators to accomplish a lawful purpose by unlawful means, and that each co-

conspirator committed overt acts in furtherance of the conspiracy. She references the proceedings in the Illinois lower courts in support of her conspiracy claim. While those allegations may give Defendants notice of what her claim is, they do not raise the possibility of relief beyond the speculative level. *EEOC*, 496 F.3d at 776. Her allegations only go so far as to show the Illinois courts applied certain procedural rules in a way in which she ultimately disagreed. Furthermore, it is incongruous to name Justice Myerscough as a defendant, and to make allegations that she was part of the conspiracy to deprive Auten of her constitutional rights, were Myerscough filed a dissent from the Appellate Court's reversal of the jury verdict. The allegations of conspiracy are conclusory, and as such, are not assumed to be true. *Ashcroft,* 129 S.Ct. at 1951.

Another argument Defendants make is that Auten's claim is moot. Defendants highlight the fact that Auten seeks an injunction against Defendants so that they will not make arbitrary and capricious rulings regarding her objection to the motion to supplement the record on appeal in her state medical malpractice action. Auten attempts to combat that argument by raising the issue that the Illinois appellate court improperly issued a mandate without first addressing her currently pending motion to stay, in violation of Illinois Supreme Court Rule 368. She does not attempt to argue that her claims are those capable of repetition, yet evading review, which would have the effect of excusing mootness. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983) (explaining the rule that a claim does not become moot where it is capable of repetition, yet evading review, and explaining further that the doctrine "applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality"). The Court agrees with Defendants that Auten seeks

injunctive relief that if granted, would have no effect on the litigation in the Illinois courts because those courts have already made the rulings which Auten seeks to prevent. *See Nelson v. Miller*, 570 F.3d 868, 882 (7th Cir. 2009) (stating that a court's power to grant injunctive relief survives only if such relief is actually needed). Because the damage, if any, has already been done, this Court does not have the power to grant the requested injunctive relief.

Finally, Defendants take issue with Auten's request for injunctive relief, in that it lacks detail and specificity, so her claim should be dismissed. Auten's request that Defendants be enjoined from making "abritrary and capricious rulings concerning plaintiff's objection to the motion to supplement the record on appeal" does lack the specificity that would otherwise be required in the event the Court entered an injunction. What is apparently "arbitrary and capricious" to Auten may not be so to another, and thus Defendants would be at a loss to know whether or not they were in compliance with the injunction. Furthermore, as Defendants argue, Carla Bender as Clerk of the Illinois Appellate Court would not be able to comply with the requested injunction because she cannot and does not make any rulings in the Illinois Appellate Court. What she did was purely ministerial, and such involvement did not rise to the level of "active concert or participation" with the judges in the alleged constitutional violation identified in the Complaint. *See* FED. R. CIV. P. 65 (setting forth those bound by a court's injunction, including the parties, parties' officers and agents, and other people in active concert or participation with those parties or their officers or agents).

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss [#2] is GRANTED, and Plaintiff Auten's Complaint is DISMISSED. This matter is now TERMINATED.

ENTERED this 18th day of February, 2011.

s/ Michael M. Mihm<br>
Michael M. Mihm<br>
United States District Judge